George G. TARTER, Esquire, Guardian of the Estate of Marcia Anne Smith, a minor

v.

Willis K. MYLIN and Anne S. Mylin, Husband and Wife.

Civ. A. No. 31685.

United States District Court
E. D. Pennsylvania.

May 25, 1966.

Morris S. Finkel, Richter, Lord & Cavanaugh, Philadelphia, Pa., for plaintiff.

Joseph J. Murphy, Murphy, Senesky & Veldorale, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

WOOD, District Judge.

In the above case the plaintiff obtained a verdict upon which judgment was entered in the sum of $15,000.00 on April 28, 1966. Thereafter, on May 4, 1966, the defendants filed "Motions For Judgment N.O.V. And For New Trial".

On the 20th day of May, 1966, plaintiff filed its "Motion To Strike Defendants' 'Motions For Judgment N.O.V. And For New Trial' For Failure To Comply With Local Rule 31 Of The U.S.D.C. For The E.D.Pa." The thrust of the motion after reciting Rule 31* was that the defendants had not ordered the transcript as provided by the Rule nor had they served copies of the motion upon the trial judge as also contained in the Rule.

---

* "*Rule 31 Post-Trial Motions*

A copy of each post-trial motion shall be served upon the trial judge within three (3) days after the original shall have been filed with the Clerk. Unless, within ten days of filing a post-trial motion, (a) the transcript is ordered by a writing delivered to the official court reporter, or (b) good cause for failure to order such transcript is shown in a motion supported by an affidavit, a copy of which is delivered to the chambers of the trial judge, the post-trial motion will be dismissed for lack of prosecution."

We immediately investigated the matter and the above facts were verified.

On this date defendants have filed a motion for leave to comply with the aforesaid rule nunc pro tunc. The motion states, inter alia, in its broadest sense, that their failure to comply was due to the fact that the insurance company which they represent, namely, Harleysville Mutual Casualty Company, had not authorized them to order the transcript. For example, they state, referring to the company: "The result of the trial and jury verdict, and the legal posture of the Defendants directly and the insurance carrier indirectly, was thoroughly discussed with them and counsel advised the [sic] of the protective post trial pleadings so filed." and "The final determination, whether to pursue either or both post trial motions aforesaid, was to be made by the carrier which ultimately would be affected by any payment of the verdict."

■ The above Rule was promulgated after serious discussion by the entire Court and unanimously adopted. Among the reasons advocated in support were that failure to order the notes of testimony within a reasonable time caused continuances of argument on post trial motions since when ordered at the last minute the Court stenographer could not provide the transcript before argument, and furthermore the judge had no opportunity to review the case prior to receiving briefs and hearing argument. The Rule is reasonable and in our opinion should be enforced vigorously if it is to have any effect whatsoever.

At the time of the writing of this memorandum the transcript has not been ordered and our next argument list is on June 21, 1966, at which time we have six post trial motions to hear, including the instant case. Obviously if the notes of testimony in all of these cases were not ordered from our stenographer within the time provided by the Rule, it would be an impossibility to have him do so between now and June 21, 1966.

■ We have possibly extended this memorandum unnecessarily, but this is the first case of which we are aware where the Rule was invoked. Referring to that portion of it which gives the Court discretion to permit filing under unusual circumstances at a later date, it does not seem to us that we should exercise it where the delay is apparently due solely to the failure of the insurance carrier to authorize their attorney to order the same as required by the Rule. It is apparent that the interest of the Court and the litigants are far superior to that of the carrier.

Finally, we make no adjudication as to the disposition of the outstanding motions which will be disposed of on June 21, 1966, but as to the instant motion to permit the ordering of the transcript for the purposes of this argument nunc pro tunc, the following order is entered:

### ORDER

And now, this 25 day of May, 1966, it is ordered that defendants' motion is denied.

