George B. SMITH, Plaintiff,

v.

SHARPLES COMPANY, Defendant,

v.

KEYSTONE BOILER WORKS, INC. and Walter Thackray, Third-Party Defendants.

No. 36782.

United States District Court
E. D. Pennsylvania.

March 25, 1968.

Milton M. Borowsky, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Thomas R. White, Jr., White & Williams, Philadelphia, Pa., for defendant.

Howard R. Detweiler, Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa., for third-party defendant, Keystone Boiler Works, Inc.

### MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter comes before the Court on a motion for summary judgment filed by Keystone Boiler Works, Inc., third-party defendant, seeking such judgment against the plaintiff, George B. Smith.

■ Summary judgment, under Rule 56 of the F.R.Civ.P., may only be entered where there exists no genuine issue as to a material fact or facts. It is the accepted rule in this Circuit that upon a motion for a summary judgment it is no part of the Court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.

Associated Hardware Supply Co. v. Big Wheel Distributing Company, 355 F.2d 114, 17 A.L.R.3d 998 (3rd Cir. 1966); see also Sarnoff et al. v. Ciaglia, 165 F. 2d 167 (3rd Cir. 1947).

Review of the record indicates that various requests for admissions have been submitted by Keystone to the plaintiff and defendant. Certain requests concerning material facts have been admitted by the plaintiff and denied by the defendant. Others have been denied by both. Thus, genuine issues of material fact do appear to exist. Under such circumstances, we would not be warranted in entering summary judgment. Therefore, motion of third-party defendant, Keystone Boiler Works, Inc., for summary judgment will be denied.