George B. SMITH

v.

SHARPLES COMPANY.

KEYSTONE BOILER WORKS, INC.

v.

Walter THACKRAY.

Civ. A. No. 36782.

United States District Court
E. D. Pennsylvania.

June 10, 1968.

See also D.C., 282 F.Supp. 117.

Milton M. Borowsky, and Phillip Baer, Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

Thomas Raeburn White, Jr., and Joseph H. Foster, White & Williams, Philadelphia, Pa. for Sharples Co.

Donald Levin, Philadelphia, Pa., for Walter Thackray.

Donald Levin and Joseph A. Purul, Jr., Philadelphia, Pa., for third-party defendant.

Howard R. Detweiler, Henry F. Huhn, Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa., for Keystone Boiler Works, Inc.

Dudley Hughes, Detweiler, Sherr, Huhn & Hughes, Philadelphia, Pa., for Witness William Hunter, Jr.

## MEMORANDUM AND ORDER

DAVIS, District Judge.

Under authority of Local Rule 31(a),[1] the defendant Sharples Company who was recently acquitted in a trial by jury, has filed a motion to dismiss the plaintiff's motion for a new trial, essentially for lack of prosecution.

---

1. Local Rule 31 states, in relevant part: * * * Unless, within ten days of filing a post-trial motion, (a) the transcript is ordered by a writing delivered to the official court reporter, or (b) good cause for failure to order such transcript is shown in a motion supported by an affidavit, a copy of which is delivered to the chambers of the trial judge, the post-trial motion will be dismissed for lack of prosecution. This rule has been in effect since January 1, 1965.

The chronology of this action is as follows:

May 3, 1968: Verdict for the defendant (and third party defendant), was returned and entered.[2]

May 6, 1968: The plaintiff filed a motion for a new trial, in accordance with Federal Rule 50(b).

May 7, 1968: The *defendant* ordered certain portions of the Trial transcript, relevant to the plaintiff's motion.

May 9, 1968: The defendant countermanded its Order of May 7.[3]

May 23, 1968: The plaintiff placed a written Order with the court reporter, for the relevant portions of the transcript.

Thus, it is clear that the plaintiff, as moving party placed an order for the transcript 17 days after filing his post trial motion, and 14 days after the defendant withdrew its then-pending Order.

The policy of this District with regard to implementation of Local Rule 31 has recently been reiterated in Dantzler v. Defender Shipping Co. Inc., D.C., 285 F Supp. 541, where Judge Body observed, in his Opinion dated April 26, 1968, that " * * * the commands of Local Rule 31 are mandatory, not directory, and should be strictly enforced * * * ".[4] Also, in Tarter v. Mylin, 258 F.Supp. 818, 819 (E.D.Pa.1966), where Judge Wood surveyed the delay the Court was experiencing in the disposition of post-trial motions which was the result in great part, of failure to promptly order trial transcripts, it was noted that " * * * the Rule is reasonable and in our opinion should be enforced vigorously, if it is to have any effect whatsoever." [5]

The plaintiff further contends that the defendant, by its conduct, is estopped from invoking Rule 31. Assuming that "by his conduct" refers to the initial order and subsequent withdrawal of that order by the defendant as set forth above, we note that even if the tolling of the 10 day period allowed by Local Rule 31, were to commence on May 9, 1968, the date of withdrawal, the requisite period would still have been exceeded.

Alternatively, the plaintiff claims the "right" to prosecute his post-trial motion, without transcript, and solely on the basis of photographs of an exhibit (which is the sole subject matter of the post trial motion) which was present in Court throughout the trial. However, since his motion raises allegations of error which can only be answered by reference to testimony of identifying witnesses and also to assertions and agreements of counsel, we cannot favorably consider this proposal.

Accordingly, we feel constrained to grant the defendant's motion to dismiss the plaintiff's motion for a new trial, for failure to comply with Local Rule 31. It is so ordered.

---

2. The defendant *Keystone* had been dismissed from the suit at the conclusion of testimony, prior to the jury's deliberation.

3. In a letter to the court reporter, the defendant stated: "Would you please disregard my letter of May 7th."

4. In *Dantzler*, an earlier decision is cited where a defendant's written request delivered to the court reporter one day beyond the period prescribed by Local Rule 31, was denied; see Kesler v. Amsco Industries, Inc., D.C., 285 F.Supp. 523 January 25, 1968. The *Dantzler* decision was recently reported in the May 28, 1968 edition of the Legal Intelligencer.

5. In *Tarter*, the trial transcript was ordered 16 days after the post-trial motion was filed.