Cecil SHAW

v.

**J. LAURITZEN**

v.

**T. HOGAN CORPORATION**
and
South Jersey Port Commission.
Civ. A. No. 35915.

United States District Court
E. D. Pennsylvania.

Jan. 16, 1969.

Louis Samuel Fine, of Fine, Staud & Silverman, Philadelphia, Pa., for plaintiff.

John T. Biezup, of Rawle & Henderson, Philadelphia, Pa., for J. Lauritzen.

**1024**

Robert Cox, of Krusen, Evans & Byrne, Philadelphia, Pa., for T. Hogan.

Francis E. Marshall, of Marshall, Dennehey & Warner, Philadelphia, Pa., for South Jersey Port Commission.

## OPINION AND ORDER

BODY, District Judge.

The plaintiff brought suit against the defendant, J. Lauritzen, owner of the "SS Tenna Dan", for injuries arising out of an accident which occurred on May 31, 1963 aboard the "SS Tenna Dan". The defendant, as third-party plaintiff, sued T. Hogan Corporation which was plaintiff's employer and had been engaged to unload powdery nitrate from the ship's No. 3 hatch. The defendant also sued the South Jersey Port Commission which was the owner and operator of the moveable shoreside crane operated on tracks. It used a yellow claw bucket to remove the bulk nitrate.

The plaintiff alleged that the "SS Tenna Dan" was unseaworthy in that one of its metal ladder rungs was unseaworthy and broke, being the proximate cause of injury to plaintiff's back. Plaintiff sought damages for his injuries in the form of lost wages, residual bills, pain and suffering and lost earning capacity.

The defendant, as third-party plaintiff, sought indemnification from T. Hogan Corporation upon its alleged breach of an implied warranty to carry out its contract in a safe, proper, and workmanlike manner. It was alleged that certain employees, other than Shaw, had knowledge or should have had knowledge of the defective ladder rung, and should have reported the same to the ship officials. Further, as a proximate result of this failure to warn, plaintiff was injured.

Third-party plaintiff sued South Jersey Port Commission upon the breach of its implied warranty to discharge the "SS Tenna Dan" in a safe, proper and workmanlike manner. It is alleged that its claw bucket was negligently operated, striking the ladder twice, and was the proximate cause of the plaintiff's injury.

After a trial of seventeen days, the jury returned a verdict for the plaintiff amounting to $135,000. It found, answering special interrogatories, that the "SS Tenna Dan" was unseaworthy and this unseaworthiness was a proximate cause of plaintiff's injuries. It found that T. Hogan Corporation and the South Jersey Port Commission had not breached its implied warranties to perform their jobs in a safe, proper and workmanlike manner with reasonable safety under the circumstances.

### I.

The facts of the case in brief are as follows: On May 31, 1963 at 9:00 P.M. plaintiff, Cecil Shaw, for the first time, descended the forward ladder aboard the "SS Tenna Dan" in No. 3 hatch when a ladder rung, the next to last, at the bottom of the top section of the ladder leading from the forward end of the main deck to the upper 'tween deck, pulled out in his hands and he fell into the powdery nitrate about twelve feet below. There was evidence presented that the plaintiff was not aware of this defective rung. The plaintiff claimed a continuing back injury and herniated lumbar disc. Certain witnesses, George Bankerville and Ernest Green, employees of third-party defendant Hogan, testified that they had noticed the faulty rung but had told no one. There was also evidence of yellow paint on the port and starboard sides of the ladder which Lauritzen contended showed that the ladder had been negligently struck by equipment operated by third-party defendant, South Jersey Port Commission.

Since the dates of the post-trial motions are crucial to this Court's decision, they are set out below:

1. March 8, 1968—Judgment entered.

2. March 18, 1968—Defendant, J. Lauritzen, filed post-trial motions, including remittitur or new trial as to plaintiff; judgment n. o. v. or new trial as to T. Hogan Corporation; and new trial as to South Jersey Port Commission.

3. July 26, 1968—Motion to strike post-trial motions filed by T. Hogan Corporation.

4. August 7, 1968—Motion to strike post-trial motions filed by South Jersey Port Commission.

5. August 14, 1968—Motion to excuse ordering of entire transcript under Local Rule 31 was filed by J. Lauritzen. Charge of the Court is requested to be transcribed by J. Lauritzen.

6. August 16, 1968—J. Lauritzen's answer to South Jersey Port Commission's motion to strike *filed*.

7. August 16, 1968—J. Lauritzen's answer to T. Hogan Corporation's motion to strike *filed*.

8. August 28, 1968—T. Hogan Corporation's answer to J. Lauritzen's motion to excuse the ordering of the entire transcript *filed*.

9. September 11, 1968—South Jersey Port Commission's answer to J. Lauritzen's motion to excuse the ordering of the entire transcript *filed*.

10. September 20, 1968—Brief of J. Lauritzen in support of motion to excuse third-party plaintiff from ordering the entire transcript *received*.

11. September 26, 1968—Brief of South Jersey Port Commission in support of third-party defendant's motion to dismiss J. Lauritzen's post-trial motions and motion to excuse failure to comply with Rule 31 *received*.

12. October 2, 1968—J. Lauritzen's reply and supplemental brief *received*.

13. October 2, 1968—T. Hogan Corporation's brief contra to J. Lauritzen's motion to excuse failure to comply with Rule 31 *received*.

14. October 3, 1968—Oral argument on third-party plaintiff's (Lauritzen) motion to excuse ordering of the entire transcript heard.

15. October 17, 1968—J. Lauritzen drops its motion for a new trial against South Jersey Port Commission.

## II.

T. Hogan Corporation, third-party defendant, relies upon Local Rule 31 in arguing that J. Lauritzen's post-trial motions should be dismissed. The Rule reads:

"A copy of each post-trial motion shall be served upon the trial judge within three (3) days after the original shall have been filed with the Clerk. Unless, within ten days of filing a post-trial motion, (a) the transcript is ordered by a writing delivered to the official court reporter, or (b) good cause for failure to order such transcript is shown in a motion supported by an affidavit, a copy of which is delivered to the chambers of the trial judge, the post-trial motion will be dismissed for lack of prosecution."

Third-party defendant's position must prevail as Rule 31 is mandatory. Lauritzen failed to file a motion to excuse the ordering of the entire transcript until August 14, 1968, almost five (5) months after it filed its post-trial motions.

The purpose of the Rule is the avoidance of delay and the expedition of the administration of justice. Tarter v. Mylin, 258 F.Supp. 818 (E.D.Pa.1966). The Rule should be strictly applied. Kesler v. Amsco, 285 F.Supp. 523 (E.D.Pa. 1967; Smith v. Sharples, et al. 282 F. Supp. 117 (E.D.Pa.1968). The Rule protects against counsel blaming the delay of transcription on the court reporter when it is literally impossible for the court reporter to transcribe in the time given by the moving counsel.

The fact that Lauritzen ordered daily copy of portions of the trial at a total cost of $965.51 cannot excuse the third-party plaintiff's non-compliance with the Rule. While Lauritzen claims he has ordered all of the pertinent portions of the record for purposes of the post-trial motions, T. Hogan Corporation, third-party defendant avers that the testimony of eleven (11) additional witnesses is necessary to dispose of the motions. There is no way this Court can effective-

ly and accurately determine who is correct absent the actual transcript of these witnesses.

It is quite possible that this Court would have been able to excuse certain portions from being transcribed, but the third-party plaintiff should have asked for relief at the only appropriate time. The trial lasted over three weeks and it was contended that it would be very costly to transcribe the testimony in its entirety.

In certain cases our court has diverged from a strict adherence to the mandatory nature of Rule 31. This Court does not believe that these cases should be used as precedent and even if they could be, they are not applicable in the instant matter. In Smith v. Firestone Tire and Rubber Company, 255 F.Supp. 905 (E.D.Pa. 1966), Judge John W. Lord, Jr. made an exception to Rule 31 in the case of a plaintiff who had made an affidavit of poverty and where only three exhibits in the record but not in evidence had to be considered in disposing of the plaintiff's motion. In Carroll v. Frontera Compania Naviera, S.A. v. Nacirema Operating Co., Inc., 258 F.Supp. 747 (E.D.Pa. 1966) this Court concluded that the defendant had substantially complied with the Rule where he had ordered daily copy except for a small portion of plaintiff's direct examination and the summation speeches to the jury. This Court's decision in Dantzler v. Defender Shipping Co., Inc., 285 F.Supp. 541 (E.D.Pa.1968) was corrected in Kesler v. Amsco, supra, where a motion to excuse was filed one day beyond the permitted ten (10) days period of Rule 31.

■ The failure of T. Hogan Corporation to file its brief "at least ten (10) days prior to the date set for argument" according to Rule 33(a) has been raised by the third-party defendant. It was received on the day before argument, October 2, 1968. However, this Court does not believe that Rule 33(b) is mandatory, at least under the circumstances of this case. The third-party defendant's motion to strike Lauritzens' post-trial

motions for failure to comply with Rule 31 (July 26, 1968) and its answer (August 28, 1968) to Lauritzen's motion to excuse ordering the entire transcript substantially cover the points in T. Hogan Corporation's brief submitted the day before oral argument and adequately apprised Lauritzen of the nature of their argument.

The judgment of $135,000 for the plaintiff has been settled for $130,000. The third-party defendant, South Jersey Port Commission, has been dropped from defendant's post-trial motions, per letter of October 17, 1968, from third-party plaintiff's counsel to this Court.

## ORDER

Therefore, this sixteenth day of January 1969, it is ordered that the motions of third-party plaintiff, J. Lauritzen, for a new trial or judgment n. o. v. will be dismissed for want of prosecution under Rule 31 of this Court.