**Spano v. Daily Corporation**

*Leon W. Silverman,* for plaintiff.
*Joseph Foster, John P. Kelly* and *William McKinley,* for defendant.

FORER, *J.,* March 31, 1983—Plaintiffs Joseph Spano and Antoinette Spano brought suit against defendant Daily Corporation and Alfred F. Malhoit, Jr., for injuries arising out of an automobile accident on November 5, 1977. After a five day trial before a jury of 12 a verdict was entered on December 17, 1982, in favor of Antoinette Spano against Alfred F. Malhoit, Jr., only in the sum of $75,000 and in favor of Joseph Spano against Alfred F. Malhoit, Jr., only in the sum of $15,000. A verdict was directed in favor of Daily Corporation.

Plaintiffs filed a timely motion for new trial on or about December 23, 1982, alleging inter alia paragraph 10 "Plaintiffs respectfully reserve the right to add additional reasons in support of their motion for a new trial pending receipt of the transcript of the trial."

Plaintiffs' counsel certified that "it is essential for the proper disposition of the Post Trial Motions of Defendants (sic) that all of the testimony at the trial be transcribed by the Court Reporter, together with the Charge of the Court to the jury."

Plaintiffs' counsel asserts that a copy of this notice was sent to the court reporter and that the re-

porter was told to defer transcribing the notes pending settlement discussions.*

It is admitted that no notification was sent to the post trial motion clerk in writing as required by Philadelphia Local Rule 240(c)(4). The rule further provides inter alia:

"Failure to order the notes of testimony or to notify the Post-Trial Motion Clerk that they have been ordered where it is certified that they are necessary *shall* result in the imposition of sanctions including the dismissal of the exceptions or motions." (Emphasis added.)

Defendant filed a motion to dismiss and plaintiffs filed an answer. After extensive oral arguments and briefs the court granted defendant's motion on March 4, 1983.

Counsel have not cited any case arising under the relevant portion of the Philadelphia Rule in question and diligent research has failed to disclose any such case. However, violation of procedural rules phrased in mandatory terms has uniformly resulted in the imposition of sanctions.

Section(c)(6) of Rule 240 requires the moving party in post trial motions to file its brief within 35 days of the notice of availability to the notes of testimony. It further provides: "Should the moving party fail to file his brief within the thirty five (35) days (unless an extension is allowed by the Court), the exceptions shall be dismissed with prejudice." In Schneider v. Albert Einstein Medical Center, 257 Pa. Super. 348, 390 A.2d 1271 (1978) the Superior Court affirmed the trial court's dismissal of the appeal for failure timely to file a brief.

---

*Whether a copy of this certification was sent to the court reporter is irrelevant in view of the court's opinion.

A similar case arose under Montgomery County Civil Rule 252 which requires that the moving party send copies in triplicate to the trial judge. Appellant failed to comply with the rule and appellee's motion to quash was granted. The Superior Court affirmed holding that strict enforcement of procedural rules is necessary. Straff v. Nationwide Mutual Fire Insurance Co., 230 Pa. Super. 403, 326 A.2d 586 (1974).

Similarly, the United States District Court for the Eastern District of Pennsylvania has applied its local rules strictly. Post trial motions are dismissed if the transcript is not ordered within ten days as required by Local Rule 31. See Shaw v. Lauritzer, 297 F. Supp. 1023, 1025 (E.D. Pa. 1969) affirmed 428 F.2d 247 (3d Cir. 1970). Green v. Sanitary Scale Co., 296 F. Supp. 625, 630 (E.D. Pa. 1969), vacated on other grounds, 431 F.2d 371 (3d Cir. 1970). Motions dependent on untranscribed testimony are dismissed for lack of prosecution. Dantzler v. Defender Shipping Co., 285 F.Supp. 541 (E.D. Pa. 1968), affirmed 411 F.2d 792 (3d Cir. 1969). See also Shaw v. Lauritzer, 297 F. Supp. 1023 (E.D. Pa. 1969), affirmed 428 F.2d 247 (3d Cir. 1970). Moreover, a nunc pro tunc motion for an order for notes of testimony will not be granted. Dantzler v. Defender Shipping Co., 285 F. Supp. 541, (E.D. Pa. 1968).

In view of the mandatory nature of Rule 240(c)(4) and the strict interpretation of the rules adopted by both the Pennsylvania and the Federal courts, this court has no discretion to mitigate or deviate from the clear precise language of the rule.

Accordingly, defendant's motion to dismiss is granted.