# Rick *v.* The New York, Chicago & St. Louis Railroad Company, Appellant.

*Negligence—Railroads—Defective car—Inspection—Evidence—Ownership of car—Duty to repair.*

1. In an action for damages for personal injuries the court properly refused to instruct the jury that there was no evidence that an inspection of a railroad car was made by an incompetent inspector or that the defendant, a railroad company, was not negligent in the inspection of the car or in its employment of an incompetent inspector, where the evidence showed that the defendant issued a bill of lading for certain bar iron loaded on the car on the tracks of another railroad at the place of shipment and collected the freight for transporting the iron to its destination eighty-two miles distant, of which the intermediate eighty miles was over defendant's road; that it received the car at a junction point where it was inspected and returned for a defect in the draught bolts; that a few days thereafter it was again delivered, inspected and accepted, and hauled over the defendant's lines to another junction; that here it was again jointly inspected by the defendant and a third company and afterwards hauled by the latter to its final destination; that on the day following its delivery to the consignee, the plaintiff, an employee of the consignee, while assisting to unload the car was hurt by slipping on an insufficient covering of a hole chopped in the floor

of the car, which was covered with iron except the space around the hole; a .witness for the defendant having testified that nothing was done to the car while in possession of the third- company, and there being nothing in the evidence to warrant the conclusion that there was any change made in the position of the iron in the car from the time it was loaded until it was unloaded.

2. In such a case, where the defendant acknowledges the receipt of the iron to be carried on "car 2365," and was required by its contract to take the consignment, it must be assumed, in the absence of evidence to the contrary, that it did so by the car in which the iron was loaded and taken to its destination; and the fact that another company, in pursuance of a traffic arrangement, did the switching to place the car on the defendant's track does not prove that the former furnished the car or that the defendant did not furnish it, or relieve the latter from its duty to have the car efficiently inspected and kept in repair.

*Practice, C. P.—Statement—Amendment.*

3. In a negligence case the cause of action was the alleged use of a defective car; in the plaintiff's statement the car was described as "P. & L. E. R. R. Car No. 2365." The court permitted the plaintiff to amend the statement so as to describe the car as "P. B. & L. E. R. R. Car No. 2365 or P. & L. E. Car No. 2365." *Held,* this amendment was properly allowed.

Argued April 26, 1911. Appeal, No. 69, Jan. T., 1911, by defendant, from judgment of C. P. Erie Co., May T., 1909, No. 106, on verdict for plaintiff in case of T. J. Rick v. The New York, Chicago & St. Louis Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.

The opinion of the Supreme Court states the case.

The defendant presented certain points, which with the answers of the court thereto were as follows:

6. There is no evidence that the defendant was negligent in the inspection of the car upon which the plaintiff was injured. *Answer:* Refused. [1]

7. There is no evidence that the inspection of the said car was made by an inspector who was incompetent, or that the defendant was negligent in its employment of an

incompetent inspector or inspectors who made the inspection or inspections. *Answer:* Refused. [2]

8. The proof as to the car upon which the plaintiff was injured does not agree with the allegations that the plaintiff's original statement show, in that said car was P. & L. E. car, No. 2365, and the amendment made to the statement does not cure the discrepancy, it having been subsequent to the date at which the right of action was barred by the statute of limitation. *Answer:* Refused. [3]

9. If the jury finds that the car upon which the plaintiff was injured was a P., B. & L. E. car, No. 2365, the plaintiff cannot recover. *Answer:* Refused. [4]

10. It having been shown that the car on which the plaintiff was injured was not furnished to the shipper of the iron by defendant company, the particular act of negligence charged against the defendant company has not been proven, and the plaintiff cannot recover. *Answer:* Refused. [5]

Verdict for plaintiff for $5,500. Defendant appealed.

*Errors assigned* were (1–5) answers to plaintiff's points; (6–8) in refusing binding instructions for defendant and in refusing to enter judgment n. o. v.

*Frank Gunnison,* with him *Henry E. Fish, W. P. Gifford* and *Albert E. Chapin,* for appellant.—There was not sufficient evidence of negligence on the part of the defendant to warrant the verdict: Huey *v.* Gahlenbeck, 121 Pa. 238; Rotsell *v.* Warren Boro., 10 Pa. Superior Ct. 283; Phila. & Reading R. R. Co. v. Schertle, 97 Pa. 450; Reese v. Clark, 146 Pa. 465.

There was such variance between the allegata and the probata that the judgment cannot be sustained: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Kilbridge v. Carbon Dioxide & Magnesia Co., 201 Pa. 552; Titus v. R. R. Co., 136 Pa. 618; Ford v. Anderson, 139 Pa. 261; Augerstein v. Jones, 139 Pa. 183; Fick v. Jackson, 3 Pa. Superior Ct. 378; Martin v. Pittsburg Railways Co., 227 Pa. 18.

· *John B. Brooks,* with him *Paul A. Benson* and *Charles H. English,* for appellees, cited: McConnell v. Penna. R. R. Co., 223 Pa. 442; Dooner v. Canal Co., 164 Pa. 17; Penna. R. R. Co. v. Snyder, 46 Minn. 106 (45 N. E. Repr. 559); Moon v. Northern Pac. R. R. Co., 48 N. W. Repr. 679.

OPINION BY MR. JUSTICE MESTREZAT, July 6, 1911:

The first and second assignments allege the court erred in refusing to instruct the jury there was no evidence that the inspection of the car was made by an incompetent inspector, or that the defendant was negligent in the inspection of the car or in its employment of an incompetent inspector. The evidence shows that the defendant company issued a bill of lading for the bar iron loaded on the car at Cleveland, the place of shipment, that it collected the freight for transporting the iron to its destination at Girard, Pennsylvania, a distance of about eighty-two miles, of which eighty miles were over the defendant's road, that it received the car at Newburg, a suburb of Cleveland, hauled it over its line to Wallace Junction where it was delivered to the Bessemer Company which hauled it to Girard and delivered it on the private track of the consignee. When the car was first received by the defendant company it was inspected and a defect in the draught bolts being discovered it was returned to the Erie Company. In a few days thereafter, it was again delivered to the defendant, inspected and accepted and hauled to Girard. At Wallace Junction, the car was inspected by the chief joint car inspector of the defendant company and the Bessemer Company and delivered to the latter company. No defects were reported by the inspector. The next day the car was delivered to the consignee and on the following day the plaintiff, in the employ of the consignee, while assisting to unload the car stepped on an insufficient covering of a hole chopped in the floor and was seriously injured. The hole was about ten inches wide and twenty inches long. The floor was covered with the iron except the space around the hole in the " northeast

corner of the car." A witness for the defendant testified that nothing was done to the car from the time it left Wallace Junction till it was delivered by the Bessemer Company on the private siding of the consignee where the plaintiff was engaged in unloading it at the time he was injured. This and other evidence amply warranted the court in refusing the defendant's sixth and seventh points embraced in the first and second assignments of error. The evidence shows that the hole in the floor was negligently and insufficiently covered by a board one-fourth of an inch thick which should have been two inches thick. The car was, therefore, in a defective and unsafe condition when it arrived at Girard. When was the hole chopped in the floor and defectively repaired by placing the thin plank over it? This question need not be answered to convict the defendant of negligence. It was the duty of the defendant company to inspect the car and if found defective to reject it. This duty was recognized and the car was refused when it was first offered to the defendant at Cleveland. The defendant company was not required either to receive or haul the car over its line if it was in a defective condition. The inspector was incompetent or negligent in the performance of his duties or the defect would have been discovered, and the floor would have been repaired and put in a safe condition. We do not agree with the defendant's argument that it is reasonable to suppose that at the time the first inspection was made the iron with which the car was loaded covered the hole so that the defect could not have been discovered without unloading the iron. There is nothing in the evidence to warrant the conclusion that there was any change made in the position of the iron in the car from the time it was loaded at Cleveland until it was unloaded at Girard. It was then found that the floor of the whole south end of the car was covered with iron and the floor of the north end, except the part around the hole. The evidence fails to disclose any reason or purpose for changing the position of the iron after it was placed in the car on September 13,

1907, until it arrived at its destination, September 28, unless, as suggested by the plaintiff's counsel, it was for the purpose of gaining access to the floor to make the hole in order to reach the gearing of the car. It was delivered to the Bessemer Company at Wallace Junction at 6:10 P. M. on September 27. If there was any shifting of the iron in the car the defendant should have shown the fact. It is entirely improbable that the Bessemer Company shifted the iron during the very short time the car was in its possession, and that it did not do so appears by the defendant's testimony which shows that nothing was done to the car while it was in the Bessemer Company's possession except to move it from the junction to its destination at Girard. It is, therefore, probable, and the jury was justified in finding, that the iron was never shifted, or that if it was shifted in transit it was done by the defendant company which should have discovered the hole, even if it did not make the hole and attempt to repair it. This is a fair inference from the evidence. The defendant's sixth and seventh points were properly refused.

In the plaintiff's statement, the car in which the iron was shipped is described as "P. & L. E. R. R. car No. 2365." The court permitted the plaintiff to amend the statement so as to describe the car as "P., B. & L. E. R. R. car No. 2365 or P. & L. E. car No. 2365." The third and fourth assignments in effect question the correctness of permitting the amendment. The number of the car is the same and the only change made by the amendment was in the letters on the car. There was no change in the cause of action which was the alleged use of the defective car. The amendment was made simply to meet the uncertainty of the letters on the car, and was properly allowed.

By its bill of lading issued to the Bourne-Fuller Company, sales agent of the Rolling Mill Company, the defendant acknowledged the receipt of the iron at Cleveland to be carried on car 2365 and to be delivered to the Girard Wrench Manufacturing Company at Girard, Pennsyl-

vania. The defendant does not have a switch leading into the Union Rolling Mills at Cleveland, and by a traffic arrangement the Erie Company switches to the defendant's tracks any car that the Union Rolling Mills wish to send over the defendant's road. It is immaterial who owned the car in question. It was furnished for the purpose of carrying the iron which the defendant company, in consideration of the freight charges paid it for the entire distance, agreed with the consignor to transport from Cleveland to Girard. Its contract required it to take the iron loaded at the mills and hence it must be assumed, in the absence of evidence to the contrary, that it did so by the use of the car in which the iron was loaded and transported to its destination. The fact that the Erie Company did the switching to place the car on the defendant's tracks does not prove that it furnished the car or that the defendant company did not furnish it, or relieve the latter company from its duty to have the car efficiently inspected and kept in proper repair. The Erie Company had no contract with the Rolling Mills Company or its sales agent to carry the iron from Cleveland to Girard. That company simply switched the car from the mill to the track of the defendant company which by its bill of lading agreed to transport the iron from Cleveland to its destination. The fifth assignment is not sustained.

The sixth, seventh, and eighth assignments of error depend upon the correctness of the position assumed by the appellant in the other assignments, and are, therefore not sustained.

The judgment is affirmed.