## Kulka, Appellant, *v.* Nemirovsky.

Argued January 3, 1934. Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Herbert A. Barton,* for appellant.—A person is an in-
vitee where, for the purposes of the business conducted
on the premises, he enters any place of business: Robb
v. Pond Co., 269 Pa. 298; Reed v. Rys. Co., 243 Pa. 562;
Sloan v. Hirsch, 283 Pa. 230.

Plaintiff being upon the premises of defendant as an
invitee, defendant owed to him the duty to use reason-
able care for his protection and the duty to keep his
premises in such condition as not to unnecessarily or un-
reasonably expose plaintiff to danger: Robb v. Pond Co.,
269 Pa. 298; Sloan v. Hirsch, 283 Pa. 230.

Plaintiff was not bound to anticipate negligence:
Adams v. Fields, 308 Pa. 301; Dickum v. Ry., 308 Pa.
20; Bew v. Daley, 260 Pa. 418.

This is particularly true in a case where extra caution
is made necessary by defendant's fault: Fredericks v.
Refining Co., 282 Pa. 8.

It is only where the standard of care is fixed and the standard of law is the same under all the circumstances, that the failure to observe it may be declared negligence by the court, but where the standard shifts with the circumstances of the case, it must be submitted to a jury to determine what it is and whether it has been observed: West Chester & Phila. R. R. v. McElwee, 67 Pa. 311; Thorne v. P. R. T., 237 Pa. 20; Hartig v. Ice Co., 290 Pa. 21; Nydes v. Royal Neighbors, 256 Pa. 381.

The burden of proving contributory negligence is on the defendant: Bowman v. Stouman, 292 Pa. 293.

If there is any doubt, the question of contributory negligence must be submitted to the jury: Welschler v. Traction Co., 293 Pa. 472; Clancy v. Cab Co., 97 Pa. Superior Ct. 439; Turner v. Transit Co., 100 Pa. Superior Ct. 291.

It cannot be said as a matter of law, that plaintiff was bound to look and see how the lathe was fastened to the skids: Yuhasz v. Construction Co., 305 Pa. 166; New York Lubricating Oil Co. v. Fusey, 211 Fed. 622; Bloomer v. Snellenburg, 221 Pa. 25; Collins v. R. R., 244 Pa. 213; Tubbs v. Boro., 262 Pa. 203.

*Raymond A. White, Jr.,* of *Sloan, White & Sloan,* for appellee.—The lathe could be readily seen and any defect could have easily been discovered by the plaintiff, and yet the plaintiff did not look or pay any attention to the surroundings: Strang v. McCormick, 1 Phila. 156; Szanborsky v. Armour & Co., 306 Pa. 525; Landis v. Curtis & Jones, 224 Pa. 400; Nichol v. Telephone Co., 266 Pa. 464; Maue v. Ry., 284 Pa. 599; Hartz v. Schafer, 303 Pa. 449; Robb v. Niles-Bement-Pond Co., 269 Pa. 298; Reilly v. Gas & Electric Co., 295 Pa. 402; Schneider v. Phila. Quartz Co., 220 Pa. 548; Hanley v. Steel Co., 256 Pa. 44.

It was the duty of the plaintiff to guard himself against any patent danger.

OPINION BY MR. JUSTICE LINN, January 30, 1934:

Plaintiff appeals from judgment for defendant notwithstanding the verdict for appellant in his action for personal injury. Defendant, engaged in buying and selling machinery, sold to one Condon a machine, known as a punch and shear, "as is, where is." It was therefore necessary for Condon to remove the machine from its position in defendant's store. Condon sent several workmen, plaintiff among them, all experienced in such work, to get the machine. The store was filled with machinery of various kinds, standing on each side of an aisle four or five feet wide, extending eastward from front to rear of the store. The punch and shear stood against the north wall, at right angles to the aisle; it was set up on skids, that is, on four pieces of heavy lumber, described as about 8 by 6, two extending the length of the machine and supporting the other two cross-wise—on these the machine rested. Parallel with this machine, and about two feet from it, stood another machine—a lathe—from 6 to 8 feet long, 4 to 5 feet high, weighing about 2,000 pounds, and described by one witness as "top heavy." This lathe stood on two skids.

Condon's men raised the punch and shear (described as 3 feet wide, 6 feet long and 7 feet high), placed rollers under it, and had rolled it into the aisle about 3 or 4 feet, when it "leaned" over. Finding, then, that it was not properly fastened to the skids for purposes of removal, one of them went to defendant's office on the same floor to obtain lag-screws with which to fasten it, while plaintiff proceeded to take out the nails, which had failed to hold it, in order that he might refasten it with lag-screws. With his back to the lathe and facing the punch and shear, he was in the act of removing the nails with an iron claw-bar, 30 inches long and ¾ of an inch thick, when, as he testified, he "felt the claw-bar touch something" behind him, and the lathe fell on him, inflicting serious injury.

The important inquiry, therefore, is what caused the lathe to fall. The burden of proof was on plaintiff. Defendant testified that the lathe had been in his store 6 or 7 weeks, standing in the same place, and that it "was bolted on" in "the usual way" to skids 3 by 4, and probably 8 feet long. A witness, called by plaintiff, described the scene as he saw it shortly after the accident, before the parts were removed; he stated that he examined one of the skids then lying on the floor, and that at one end of it there was no indication that the parts of the lathe which had rested on that end had been fastened to the skid, while, at the other end, "there was a piece of broken cabinet [a part of the base of that end of the lathe] nailed to the skid." He testified that the lathe should have been attached to the skids at both ends "with through bolts, or lag-screws, particularly a machine of this type, a heavy machine." He was corroborated by another witness for plaintiff. The failure adequately to fasten the machine was not an obvious danger, in the circumstances, and there is evidence that the failure to bolt or securely fasten a machine of this construction permitted it to upset, possibly as a result of the contact with the claw-bar used by plaintiff.

Defendant contended that plaintiff was guilty of contributory negligence, saying that, as an experienced rigger, "he knew and his fellow employees knew that a lathe, such as they described, if not properly fastened to the skids, or even properly skidded, would prove top-heavy and upset"; that "any defect could easily have been discovered by the plaintiff, and yet the plaintiff did not look or pay any attention to the surroundings."

The verdict for plaintiff is a finding that defendant was negligent and that plaintiff was free from contributory negligence. If there was evidence to support the verdict, it must be accepted. No exception was taken to the manner in which the questions of negligence and contributory negligence were submitted to the jury. The learned trial judge, however, entered judgment n. o. v.

on the ground that there was contributory negligence as matter of law. Appellee now repeats the argument made below, but, on the facts, as the jury may have found them, it must be rejected. When the question is whether judgment n. o. v. shall be entered, plaintiff is entitled to have the oral evidence supporting his verdict considered and all the rest rejected.

Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such as plaintiff, and of giving warning of any failure to maintain them in that condition: Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 112 A. 459; Markman v. Bell Stores Co., 285 Pa. 378, 132 A. 178; Newingham v. J. C. Blair Co., 232 Pa. 511, 81 A. 556; Pauckner v. Wakem, 231 Ill. 276; Starcher v. So. Penn Oil Co., 81 W. Va. 587, 602; Restatement, Torts (Tent. Draft No. 4), section 202 (see comment a), section 213. Plaintiff was entitled to rely on defendant's performance of this duty. Restatement, op. cit. supra, section 213 (see comment d) ; Yuhasz v. Pitt. Const. Co., 305 Pa. 166, 157 A. 461; Adams v. Fields, 308 Pa. 301, 305, 162 A. 177; Blondin v. Oclitic Quarry Co., 11 Ind. App. 395; Gobrecht v. Beckwith, 82 N. H. 415. Moreover, as plaintiff was employed by another and not by defendant, the doctrine of assumption of risk did not apply to him: Thrussell v. Handyside, L. R. 20 Q. B. Div. 359; DeLee v. Pardy Const. Co., 249 N. Y. 103; Zurich Ins. Co. v. Childs Co., 253 N. Y. 324.

Plaintiff, entering the premises, not only for his employer but in the interest of the defendant, was entitled to assume that defendant had performed his duty to persons so invited; he was not required, by anything that appears in this record, to make an independent survey of the place from which the punch and shear had to be removed, to see whether defendant had in fact performed his duty—the failure to investigate was, therefore, not contributory negligence as matter of law. Cf. Rick v.

N. Y., Chic. & St. L. R. R. Co., 232 Pa. 553, 81 A. 650; Elliott v. Hall, L. R. 15 Q. B. Div. 315.

The judgment is reversed, and the record is remitted that judgment may be entered on the verdict.