## Stimmel v. Kerr, Appellant.

610

Argued October 8, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

 re-argument refused February 19, 1959.

*Harold R. Schmidt,* with him *William M. Gardner,* and *Rose, Rose and Houston,* for appellant.

*Robert B. Ivory,* with him *Evans, Ivory & Evans,* for appellees.

OPINION BY MR. JUSTICE COHEN, January 5, 1959:

The appellant, one of the defendants in a trial arising out of two actions of trespass to recover damages for the deaths by electrocution of two decedents, ap-

peals from the lower court's order granting a new trial limited to him, after verdicts were rendered for him and the West Penn Power Company.

The facts surrounding the accident reveal that both decedents, employes of a rigging and hauling contractor, were assigned to deliver steel trusses to the farm of defendant Kerr. After being instructed by Kerr's agent where the steel trusses were to be placed, the decedents proceeded to unload the trusses by means of an A-frame. The two decedents backed into the field in a stooped position. The truck containing the A-frame (which suspended the steel truss one foot above the ground) was also being driven backwards in the field. The A-frame contacted the transmission wires maintained on a West Penn Power Company right-of-way fatally electrocuting both decedents.

This instruction was submitted by defendant Kerr and read to the jury by the court: "If you believe . . . [decedents] could have seen the wires or poles if they had looked, then your verdict must be for the defendant, Kerr, and for the defendant, the West Penn Power Company."

The import of the court's charge was tantamount to a directed verdict and clearly indicated that the mere presence of the wires or the poles was sufficient warning to place the decedents on notice of the danger and completely relieve the landowner of liability. We have consistently held that the duty incumbent on a possessor of land as to a business visitor is to keep the premises reasonably safe or to warn of dangers existing thereon which the occupier knows or should know exists. However, this affirmative duty is not required of a possessor of land if the danger to be warned against is an *obvious* one. *McCreery v. Westmoreland Farm Bureau Co-operative Assn.,* 357 Pa. 567, 570, 55 A. 2d 399 (1947). See Restatement, Torts §343.

Appellants advocate, in maintaining that a new trial is not warranted, that the presence of poles or wires indicated such an obvious hazard and warning to decedents that their subsequent conduct was contributorily negligent as a matter of law. In passing upon this precise point, our Court, in *Stark v. Lehigh Foundries, Inc.*, 388 Pa. 1, 8, 130 A. 2d 123 (1957), after the plaintiff admitted that he saw the wires, said: "The presence of the power lines in and of itself did not indicate obvious danger. Plaintiff was not bound to know the degree of danger involved. 'Wires charged with an electric current may be harmless, or they may be in the highest degree dangerous. The difference in this respect is not apparent to ordinary observation, and the public, therefore, while presumed to know that danger may be present, are not bound to know its degree in any particular case.'" (Citations omitted).

Since mere presence of power lines does not indicate an obvious danger, the presence of poles also does not constitute notice of such a danger. Poles are merely used as a foundation or support for overhead insulated and uninsulated electric wires, telephone wires, television lines, and "canned" music lines. While we have held that massive steel towers carrying electric wires would conclusively indicate the danger of high voltage transmission lines, cf., *Yoffee v. Penna. Power & Light Co.*, 385 Pa. 520, 123 A. 2d 636 (1956), we have not imposed upon the business visitor the burden that knowledge of the presence of poles was such notice of danger as to make him contributorily negligent in the event that he is injured by the electricity flowing through wires carried on the poles. In *Brillhart v. Edison Light & Power Co.*, 368 Pa. 307, 314, 82 A. 2d 44 (1951), the decedent was electrocuted when the pipe he was installing in an enclosed pump house came in contact with an uninsulated electric wire above the

pump house. The court rejected the contention that the decedent was contributorily negligent as a matter of law, reasoning that there was no evidence that the decedent knew of the possible danger of the wires— ". . . Not possibly could the court have declared him to have been at fault as a matter of law." So here, even if decedents saw either the wires or the poles, it is not certain that they were aware of the particular danger or the degree of danger involved and we cannot hold them responsible as a matter of law. Whether decedents knew or should have known that danger existed was a question of fact for the jury. Couching the instructions in the conclusive terms utilized by the court below was not conducive to effect an impartial jury determination. The lower court recognized this and quite properly granted a new trial. Their action should not be disturbed.

Order affirmed.

DISSENTING OPINION BY MR. JUSTICE BELL:

I would reverse the Order granting a new trial, and I would affirm the Judgments which were entered on the verdicts in favor of defendants.

Mr. Justice BENJAMIN R. JONES joins in this dissenting opinion.