Alex WITCJAK

v.

**NEW FRANKLIN COAL MINING CO.,**
**Inc., J. Robert Bazley, Inc., and Penn-**
**sylvania Power & Light Company.**

No. 23402.

United States District Court
E. D. Pennsylvania.

May 28, 1959.

Louis Samuel Fine, Philadelphia, Pa.,
for plaintiff.

Leon H. Kline, Philadelphia, Pa., for
New Franklin Coal Mining Co.

Robert E. Jones, Philadelphia, Pa., for
J. Robert Bazley, Inc.

John J. Dautrich, Philadelphia, Pa.,
for Pennsylvania Power & Light Co.

VAN DUSEN, District Judge.

The facts upon which these actions
are based are stated in the Memoran-
dum Opinion, pp. 2–4, filed on April 27,
1959, in the cases of Federal Insurance
Co. v. Michigan Mutual Liability Co.
(Newkirk Mining Co. v. Michigan Mu-
tual Liability Co.), D.C.E.D.Pa.1959, 172
F.Supp. 858. By these motions, defend-
ants, J. Robert Bazley, Inc., and Pennsyl-
vania Power & Light Company seek to
amend their answers to the complaint in
the present action by adding the defense
of assumption of risk. Defendants base
their motions upon facts developed in
discovery proceedings undertaken after
the case was at issue. Plaintiff objects
to the amendment for the following rea-
sons: first, that since an employee was
injured due to the alleged negligence of

one other than his employer and on land owned and possessed by one other than his employer, the defense of assumption of risk is not available; and, second, that to allow the amendment at this time, plaintiff would be greatly prejudiced in the preparation of his trial since additional time and expense would be incurred in further investigation of this issue.

To support his first objection, plaintiff relies on the case of Stark v. Lehigh Foundries, Inc., 1957, 388 Pa. 1, 130 A.2d 123, the report of which consists of a reiteration of the opinion of the trial court which was affirmed per curiam by the Supreme Court. In that case, 388 Pa. at page 10, 130 A.2d at page 129, it was said:

"Moreover, as plaintiff was employed by another and not by Lehigh the doctrine of assumption of risk did not apply to him. Kulka v. Nemirovsky, supra [314 Pa. 134] 139 [170 A. 261]."

While this case is very similar in fact to the present case, an examination of the briefs filed by the parties with the Supreme Court reveals that the issue of assumption of risk was not before the court. Nor was the issue presented to the Supreme Court in the form in which it was adopted by the court in Kulka v. Nemirovsky, 1934, 314 Pa. 134, 170 A. 261. The court, in the Kulka case, in stating the above-quoted proposition, relied on two New York cases—Dee Lee v. T. J. Pardy Construction Co., 1928, 249 N.Y. 103, 162 N.E. 599, and Zurich General Accident & Liability Ins. Co. v. Childs Co., 1930, 253 N.Y. 324, 171 N.E. 391. Neither case can be said to support this proposition without qualification. The Zurich General Accident & Liability Ins. Co. case involved an injury to the employee of a fish dealer who, while delivering fish to the defendant restaurant, slipped after jumping on an elevator pursuant to the instructions of one of defendant's employees. The action was brought by the compensation carrier of the fish dealer, having been subrogated to any rights of the employee against de-

fendant. In reversing a judgment n. o. v. entered by the lower court on the ground that the employee assumed the risk as a matter of law, Chief Justice Cardozo, 253 N.Y. at pages 327–328, 171 N.E. at page 392, said:

"Bellville was not an employee of the defendant, the owner of the restaurant. There was therefore no 'assumption of the risk' on his part as an incident to a contractual relation, such as that of master and servant, in which event the assumption may have the force of an implied term of the employment * * * ; cf. Bohlen, Studies in the Law of Torts, pp. [441] 444, 445, 459, 463. * * * The question, therefore, is whether Bellville, leaping on the elevator, was so informed of the dangers inhering in the leap as to be placed in the position of one willing to encounter them.

"We think the maxim does not condemn him to bear his loss without requital. The dangerous quality of the act is visible enough now when we view it after the event. It was not so obvious in the doing as to betoken, at least as matter of law, a foresight of the consequences and a readiness to accept them (citing cases). Bellville had been assured, and assured by the defendant's representative, that the way to start the elevator was to do exactly what he did. He had followed those instructions in the past and followed them in safety. He knew that the leap without more did not set the elevator in motion, but that there was need in addition to shake it violently from side to side and even at times to pull the operating chains. Did he foresee that there was danger of his slipping when he jumped to a platform less than three feet below the walk? Did he foresee that if he slipped, the jar of the fall would set the elevator going? Were the consequences so obvious that as a reasonable man he must have had them in his mind, and have been.

ready with such knowledge to take the risk that he would suffer them? We think the answer was for the jury."

It seems clear that it was this approach that the Supreme Court of Pennsylvania adopted in the Kulka case by its reliance on Chief Justice Cardozo's opinion.

■ No matter how the issue is approached, therefore, the question of whether or not facts exist upon which plaintiff could be found to have assumed the risk may be for the jury, regardless of the fact that plaintiff is not an employee of defendant. See, also, Stimmel v. Kerr, 1959, 394 Pa. 609, 613, 148 A.2d 232. The proposed amendments, therefore, cannot be precluded on the basis asserted by plaintiff, even though it is quite possible that there will not be sufficient evidence at the trial to justify the submission of this issue to the jury.

■ F.R.Civ.P. 8(c), 28 U.S.C.A., requires that assumption of risk be pleaded as an affirmative defense. Under F.R.Civ.P. 12(h), failure to do so may be considered as a waiver of that defense. Therefore, an amendment to a responsive pleading should be allowed to assert such a defense so long as no substantial prejudice results to plaintiff. Kraushaar v. Leschin, D.C.E.D.Pa.1944, 4 F.R.D. 144. In the particular situation involved here, it cannot be said that plaintiff would be prejudiced by the allowance of this amendment. The facts relied on by these defendants in support of the proposed defense—that plaintiff knew of the presence of the overhead wire but, nevertheless, proceeded to work in close proximity thereto [1]—are closely akin to, if not identical with, the facts which most likely would be introduced to support a defense of contributory negligence. See Stimmel v. Kerr, supra, 394 Pa. at page 613, 148 A.2d 232. The defense of contributory negligence was asserted in the original answer of these defendants. It would be reasonable for all parties to realize that, in pursuing discovery concerning contributory negligence, the possibility of the defense of assumption of risk would be discovered by defendants.

### Order

And now, May 28, 1959, after consideration of the argument and briefs of counsel and of the record, it is ordered that the respective motions to amend the answers are granted.

---

1. In this case, these facts on which the defense of assumption of risk is based were only discovered after the taking of plaintiff's deposition (see Document No. 45) and the record shows that plaintiff was the cause of considerable delay in the taking of that deposition. See Order of December 18, 1958 (Document No. 29), and motions referred to in that order.