Delp, et ux., Appellants, *v.* Heath et al.

Argued April 15, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Harold F. Reed, Jr., with him Morgan H. Sohn, William C. Robinson, and Reed, Sohn, Reed & Kunselman, and Henninger & Robinson, for appellants.

Lee A. Montgomery, with him Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery, for appellees.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellants contend that one sentence of the lower court's charge concerning contributory negligence so prejudiced their case as to constitute reversible error.

This case arose as the result of a collision between an automobile driven by the wife-appellant and a tractor-trailer truck driven by appellee Ivan T. Heath, an employee of appellee Mushroom Transportation Co., which occurred on Slippery Rock Road in Butler County at approximately 1:40 p.m. on August 4, 1970. It appears that the wife-appellant entered the left lane of the highway and was attempting to pass appellee Heath's truck at the same time that Heath was attempting to turn left into the driveway of the Cooper Brothers Sand & Gravel plant. At trial, appellee Heath testified that he signaled for a left turn; the wife-appellant testified that she observed no signals. Appellee Heath also testified that there were two "blind spots" which he could not see while using his truck's rear view mirror.

The case was tried before a jury, which returned a verdict in favor of the appellees. Appellants' motion for a new trial was denied, and on August 29, 1974, judgment

was entered on the verdict of the jury. This appeal followed.

Appellants contend that the following sentence in the charge constituted reversible error: "On the other hand, if you find that the turn was signaled as required by the law and that Mrs. Delp would have seen the signal lights if she had been watching and proceeding as the reasonable, careful, prudent person, then you would find, of course, that Mrs. Delp was contributorily negligent and she could not recover."

" '[I]n all cases questioning the accuracy of a charge to the jury, we must not take the challenged words or passage out of the context of the whole charge, but must look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.' " *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 499, 291 A.2d 759, 763 (1972), quoting *Whitner v. Lojeski*, 437 Pa. 448, 454, 263 A.2d 889, 892 (1970). Applying this standard, we cannot say that the charge complained of in this case amounted to reversible error.

Appellants contend that this sentence amounted to a directed verdict against them on the issue of contributory negligence. Yet in the sentence immediately preceding this, the lower court stated that "[s]hould you find that there were no signal lights and that this was the proximate cause of the accident, then Mr. Heath would be negligent as a matter of law." In this context, it is clear that the trial judge was presenting possible alternatives to the jury, not directing a verdict.

Appellants state that the lower court "directed the jury to return a verdict against the plaintiffs should they find that the turn signals were on the truck and the wife-plaintiff failed to see them." In fact, the lower court instructed the jury to find contributory negligence only if "Mrs. Delp would have seen the signal lights *if*

*she had been watching and proceeding as the reasonable, careful, prudent person*[;]" that is, only if she had been negligent according to the usual standard. (Emphasis supplied.)[1]

It appears that the only element of contributory negligence which the lower court omitted from this sentence was proximate cause. Yet the trial judge had earlier instructed the jury that "if the plaintiff in the instant case is negligent in the slightest degree and such negligence was the *proximate cause* of the injuries sustained, then the plaintiff cannot recover." (Emphasis supplied.) The trial judge further charged that "[t]he proximate cause of an event is that . . . which in a natural and continuous sequence, unbroken by any new and independent cause, produces that event and without which that event would not have occurred." As the Supreme Court noted in *McCay v. Philadelphia Electric Co.,* supra, at 496, 291 A.2d at 762, "[a]lthough [one] portion of the charge could possibly be interpreted to suggest an adherence to the erroneous 'slightest degree' test, we believe that when reviewed in its entirety the trial court's charge to the jury on contributory negligence was in compliance with Pennsylvania law."

---

1. *Stimmel v. Kerr,* 394 Pa. 609, 148 A.2d 232 (1959), relied upon by appellants, is inapposite in the instant case. In *Stimmel,* the lower court initially charged that " 'If you believe . . . [decedents] could have seen the wires or poles if they had looked, then your verdict must be for the defendant[s].' " 394 Pa. at 611, 148 A.2d at 233. The Court noted that " ' "Wires charged with an electric current may be harmless, or they may be in the highest degree dangerous. The difference in this respect is not apparent to ordinary observation, and the public, therefore, while presumed to know that danger may be present, are not bound to know its degree in any particular case." ' " 394 Pa. at 612, 148 A.2d at 233, quoting *Stark v. Lehigh Foundries, Inc.,* 388 Pa. 1, 8, 130 A.2d 123, 128 (1957). A reasonable and prudent motorist, on the other hand, could be presumed to recognize the hazard associated with an oncoming truck.

The sentence to which appellants object, taken in the context of the entire charge, did not constitute reversible error.

Judgment affirmed.

———

DISSENTING OPINION BY VAN DER VOORT, J.:

This case involves a collision between an automobile driven by a Mrs. Delp and a truck operated by Mr. Heath. While Mrs. Delp was passing the truck, it turned to the left to enter a private driveway, striking Mrs. Delp's car and injuring her.

The trial judge made a good charge to the jury; however, in part of his charge, he stated as follows:

"On the other hand, if you find that the turn was signaled as required by law and that Mrs. Delp would have seen the signal lights if she had been watching and proceeding as the reasonable, careful, prudent person, then you would find, *of course*, that Mrs. Delp was contributorily negligent and she could not recover." [Emphasis supplied]

I believe that when the judge told the jury that if Mrs. Delp was negligent in not seeing the signal lights of the truck they would find "of course" that Mrs. Delp was contributorily negligent and that she could not recover, the use of the words "of course" was highly prejudicial to Mrs. Delp's case and gave the jury the impression that if she did not see the signal lights she could not recover. In another part of his charge, the judge carefully instructed the jury that in order for contributory negligence to bar recovery it must be a proximate cause of the accident and consequent injury. In the portion of the charge in question, he instructed the jury that if it found that Mrs. Delp negligently failed to see the truck's turn signals she could not recover. It is quite likely that the jury might find that Mrs. Delp negligently failed to see the signals, that nevertheless such failure

was not the proximate cause of the injury but that the failure of the truck driver to see her car or his not giving her a chance to pass his truck or that his failure to yield the right of way to an overtaking vehicle or a combination of these neglects was the proximate cause of the accident and injury. The question of whether or not Mrs. Delp's negligence, if such there was, was a proximate cause of the accident and consequent injuries was inadvertently foreclosed from the consideration by the jury.

I would reverse the judgment and grant a new trial.

WATKINS, P.J., joins in this dissenting opinion.