**Louis and Alison WALKER, Individually and as husband and wife, Appellees**

v.

**DREXEL UNIVERSITY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2008.

Filed April 27, 2009.

Nancy L. Winkelman, Philadelphia, for appellant.

Joseph J. Anclien, IV, Philadelphia, for appellees.

BEFORE: BOWES, PANELLA, JJ., and McEWEN, P.J.E.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Drexel University ("Drexel"), appeals from the judgment entered on November 19, 2007, by the Honorable Matthew D. Carrafiello, Court of Common Pleas of Philadelphia County, following the denial of Drexel's motion for judgment notwithstanding the verdict (JNOV). After careful review, we affirm.

¶ 2 The record in the case *sub judice* reveals that on November 7, 2003, Appellee, Louis Walker, a truck driver, employed by Pyramid Sheet Metal, was unloading a delivery truck at MacAlister Hall at Drexel University with his co-worker, Bill Simon. The loading dock at MacAlister Hall had rubber bumpers, which protruded approximately 2 to 2½ inches above the loading dock. According to Walker, he backed the delivery truck toward MacAlister Hall's loading dock and Simon exited the truck and then lowered the tailgate. Immediately thereafter, Walker continued reversing the truck until it was pressed firmly against the middle of the bumper in loading dock. Walker was forced to traverse across the raised bumper to unload

the materials and, in the course of unloading the materials from his truck, Walker's right foot hit the bumper on the loading dock and then went down onto the tailgate of the truck. Walker testified that he attempted to catch himself, but his right toe became hooked on the top of the bumper causing him to trip because the bumper was not level with the loading dock. As a result of the accident, Walker was diagnosed with a lumbar radiculopathy and a right knee meniscus tear.

¶ 3 A trial was held on May 29, 2007 and June 1, 2007, after which the jury returned a verdict in favor of Appellees and awarded Louis Walker $268,000.00 and his wife, Alison Walker, $7,500.00 in damages. Additionally, the jury found that Louis Walker was 30% comparatively negligent. After molding the verdict for delay damages and deducting the comparative negligence, the total verdict was entered in the amount of $202,835.33. Thereafter, on June 8, 2007, Drexel filed a motion for post-trial relief in the form of a motion for JNOV, which was subsequently denied by the trial court on October 30, 2007. This timely appeal followed.

On appeal, Drexel raises the following issues for our review:

1. Can a bumper extending two inches above a loading dock constitute an unreasonably dangerous condition or give rise to an unreasonable risk of harm where: (a) the bumper required plaintiff to step up only four to six inches (the size of an ordinary step); (b) the bumper is part of the inevitable change in elevation between the loading dock and the truck; (c) the bumper was built pursuant to an architect's design, had not been altered in the 30 years prior to the incident and was not defective; and (d) no one other than plaintiff ever had tripped

over the bumper in the 30 years of its existence?

. . .

2. Was the existence of the bumper "known and obvious" to plaintiff, where plaintiff had safely traversed the bumper the first two times he went from his truck to the loading dock the afternoon of the incident, and where he admitted that he tripped the third time only because he misjudged his step?

. . .

3. Can the bumper have caused plaintiff's injury where plaintiff admitted that he tripped only because he "misjudged [his] step"?

. . .

Appellant's Brief at 3.

¶ 4 Our standard of review when reviewing a trial court's denial of a motion for JNOV, is well settled:

We must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the jury could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

*American Future Systems, Inc. v. BBB,* 872 A.2d 1202, 1215 (Pa.Super.2005) (citation omitted), *aff'd,* 592 Pa. 66, 923 A.2d

389 (2007). Further, a trial court can only enter JNOV upon two bases: "(1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant." *Id.* We will reverse a trial court's denial of JNOV only where the trial court abused it discretion or committed an error of law that controlled the outcome of the case. *See Ty–Button Tie, Inc. v. Kincel and Co., Ltd.,* 814 A.2d 685, 690 (Pa.Super.2002).

¶ 5 With this standard in mind, we examine Drexel's first issue on appeal wherein it argues that the bumper on the loading dock did not create an unreasonably dangerous condition warranting premises liability. The applicable principles of law with respect to the question of negligence are well-settled. Louis Walker was a business invitee[1] upon the premises of Drexel, and, as such, he was not required to be on alert to discover defects which were not obvious. *See Treadway v. Ebert Motor Company,* 292 Pa.Super. 41, 436 A.2d 994, 999 (1981). Drexel had a duty to keep its premises safe for Walker and to warn him of potential hidden perils which it knew or should have known of in the exercise of reasonable care. *See id.* As an invitee, Walker was entitled to rely on the assumption that such a duty had been performed by Drexel. *See id.* As this Court stated in *Treadway:*

> The landowner's duty of protection toward business visitors is the highest duty owed to any entrant upon land, and the landowner is under an affirmative duty to protect the business visitor not only against dangers which he knows, but also against those which with reasonable care he might discover. The

business visitor enters landowner's premises with implied assurance of preparation and reasonable care for his protection and safety while he is there. 436 A.2d at 999. Determining what is reasonable under these circumstances is not a question of law; rather, it is a question of fact for the jury to consider. Thus, in order for Walker to recover, he must prove that the condition of the bumper and the loading dock was the result of the direct negligence of Drexel or that Drexel had sufficient constructive notice of the defect to have enabled it to correct the defect. *See id.,* at 997–98.

¶ 6 Our review of the record in the case *sub judice* reveals that sufficient evidence was presented that Drexel had notice of the unreasonably dangerous condition of the elevated bumper and, as such, it became a question for the jury to determine whether the bumper created a dangerous condition which Drexel had a duty to render safe or to warn business invitees, such as Walker, of its existence. Charles Peck, Drexel's Director of Contracted Facility Services, who was the site manager at MacAlister Hall at the time of the accident, testified that from 1979 to the present, MacAlister Hall's loading dock had a bumper which was at least two inches above the loading dock level. Peck testified that, the purpose of the bumper was to protect the dock and vehicles from damage. Peck also testified that a dock leveler system was not present in MacAlister Hall at the time of this accident. *See N.T., Trial,* 5/29/07 at 60–69. As a result, according to Peck, some truck beds would be below the top of the bumper at the loading dock, which could create a tripping hazard for those making deliveries. *See id.* Additionally, it is clear from the evidence

---

**1.** "A business invitee is a person who is invited to enter or remain on the land of another for a purpose directly or indirectly connected

with business dealings with the possessor of the land." *Emge v. Hagosky,* 712 A.2d 315 (Pa.Super.1998).

presented at trial that Drexel failed to take steps to correct the condition of the bumper or warn of the danger created by it. *See id.* Peck testified that Drexel, had the authority to direct Unico, a maintenance subcontractor, to replace the bumpers, fix the bumpers or lower the bumpers. Peck acknowledged that he was aware that someone could trip over the elevated bumper at MacAlister Hall. *See id.* The elevated bumper was never replaced and, in fact, the evidence established that the other two loading docks attached to this complex at Drexel did not have elevated bumpers. *See id.* Moreover, both Walker's and Drexel's experts testified at trial that they have never seen a loading dock with an elevated bumper.

¶ 7 Accordingly, we agree with the jury's finding that the elevation of the bumper created an unreasonably dangerous condition and risk to Walker or any business invitee to which Drexel was aware of and failed to warn of the risk associated with crossing the elevated bumper while unloading a truck or correct. As such, Drexel's motion for JNOV was properly denied.

¶ 8 Next, we review Drexel's second issue on appeal wherein it argues that, even if the bumper created an unreasonable risk of harm, it cannot be held liable because the condition was "known and obvious" to Walker. Appellant's Brief, at 17.

¶ 9 Under the Restatement (Second) of Torts, § 343 A:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts, § 343 A(1).

¶ 10 Even though Walker testified that he was aware that the bumper was raised but he did not think it was a hazard or a danger, it is evident that, Drexel still owed Walker a duty under the Restatement (Second) of Torts, § 343 A. Drexel clearly should have anticipated the harm despite such knowledge or obviousness and, as such it was not relieved of the duty of reasonable care which it owes to Walker as the invitee for his protection. *See* Restatement (Second) of Torts, § 343 A, Comment f. Comment f further provides that:

> This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee with nevertheless suffer physical harm.

> Such reason to expect harm to a visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or forget what he has discovered or failed to protect himself against it.

Restatement (Second) of Torts, § 343 A, Comment f. Thus, as this Court opined in *Beary v. PECO*, 322 Pa.Super. 52, 469 A.2d 176 (1983), quoting Section 343 A and Comment f, "an invitee in certain circumstances must be protected even from obvious dangers." *Id.*, at 180. Here, Drexel was aware of the potential tripping hazard caused by the elevated bumper on the loading dock, as evidenced by Peck's testimony at trial. Further, Drexel should have had reason to expect that Walker's attention may be distracted so that he would not discover what is obvious, or would forget what he had discovered, or failed to protect himself against it. *See* Restatement (Second) of Torts, § 343 A, Comment f. It is obvious that individuals

have to carry materials across the loading dock to complete their delivers at MacAlister Hall and, as such, their attention may at times be distracted. Here, Walker testified that he was carrying a sheet of metal at the time of the accident, which both distracted him from the condition of the bumper and inhibited his ability to see. Accordingly, even if the condition of the bumper was obvious, Drexel should have anticipated that while working in the vicinity of the dock, Walker might be distracted and inadvertently trip over the raised bumper. *See Beary*, 469 A.2d at 179–80. We thus find ample evidence of Drexel's negligence presented to the jury. The jury could reasonably infer from the evidence presented that Drexel knew that the elevated bumper on the loading dock posed a dangerous conditions, and should have realized that the presence of an elevated bumper with no warning signs posted nearby, would present an unreasonable risk of harm to Walker and other business invitees. The jury could also infer that Walker might not recognize the elevated bumper while in the course of performing his job duties which included, carrying large sheets of metal. By neglecting to warn, to have a dock leveling system in place or to replace the bumper, Drexel failed to exercise reasonable care to protect Walker.

¶ 11 Lastly, we address Drexel's third issue on appeal wherein it argues that Walker failed to prove that Drexel's negligence was the proximate cause of his accident. This argument is simply meritless. Walker's testimony at trial clearly established that the hazard of the elevated bumper caused him to trip. Walker testified that it was the elevated portion of the bumper on the loading dock that caused his toe to get caught, thereby twisting his leg causing knee damage. *See N.T.*, Trial, 5/29/07, at 98–100. The height of the elevated bumper was the proximate cause of

Walker's tripping and in fact it was the only cause of Walker's tripping. As "questions of proximate causation should normally be left to the finder of fact", *Kuisis v. Baldwin Lima–Hamilton Corp.*, 457 Pa. 321, 330, 319 A.2d 914, 920 (1974), we will not disturb the jury's finding on this issue. As evidenced by their verdict, the jury clearly found that the elevated bumper on the loading dock was the proximate cause of Walker's injuries.

¶ 12 Accordingly, we affirm the order of the trial court denying Drexel's motion for JNOV.

¶ 13 Judgment affirmed. Jurisdiction relinquished.