**Thomas M. HAYES**

v.

**Kenneth EASTERDAY, et al.**

**Civil Action No. 11–0681.**

United States District Court,
E.D. Pennsylvania.

June 28, 2012.

J. Michael Considine, Jr., West Chester, PA, for Plaintiff.

Carolyn Michelle Schweizer, Daniel J. Ryan, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, George P. Noel, Law Office of George P. Noel, Media, PA, for Defendants.

*ORDER*

LEGROME D. DAVIS, District Judge.

AND NOW, this 28th day of June 2012, upon consideration of the Motion of Defendants Kenneth Easterday and Patricia Easterday for Partial Summary Judgment (Doc. No. 47), Plaintiff's Response to Defendants' Motion for Partial Summary Judgment (Doc. No. 50), Exhibits to Response to Motion for Partial Summary Judgment (Doc. No. 52), Reply of Defendants Kenneth Easterday and Patricia Easterday to Plaintiff's Response in Opposition to Defendants' Motion for Partial Summary Judgment (Doc. No. 56), Plaintiff's Renewed Motion for Summary Judgment (Doc. No. 46), Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 51), Plaintiff's Reply to Defendant's Response to Motion for Partial Summary Judgment (Doc. No. 54), the Exhibit to Plaintiff's Reply to Defendant's Response to Motion for Partial Summary Judgment (Doc. No. 55), and Plaintiff's Exhibits in Response to June 25, 2012 Order, it is hereby ORDERED as follows:

1. Defendants' Motion for Partial Summary Judgment is DENIED.

2. Plaintiff's Motion for Partial Summary Judgment is DENIED.

I. Factual Background

This case arises out of a fall Plaintiff Thomas Hayes sustained on January 30, 2009. Plaintiff's daughter, Kathryn Easterday, had been having difficulties with her marriage. (Pl.'s Dep. 63:10–14). Kathryn's husband took their two children to the home of his parents, Defendants Kenneth and Patricia Easterday. (Pl.'s Dep. 63:10–14). Kathryn decided she wanted to take the children back to her home. She and Plaintiff traveled to the Easterdays' house on January 30, 2009, intending to leave with the children. (Kathryn Easter-

day Dep. 29:22–25). Defendant Patricia Easterday permitted Kathryn and Plaintiff to enter her home. (Pl's Dep. 92:4–8). The Easterdays' next door neighbors, Diane Hanley and Defendant Thomas Hanley, whom Patricia Easterday had asked to come over, entered the home at the same time as Kathryn and Plaintiff. (Kenneth Easterday Dep. 55:19–23; Kathryn Dep. 27:2–4).

After Kathryn and Plaintiff played with the children for around twenty minutes, Defendant Kenneth Easterday arrived home. (Pl.'s Dep. 95:17–102:2). At some point thereafter, Kathryn gave Plaintiff a nod. (Pl.'s Dep. 104:22–105:2). Plaintiff picked up one child, Kathryn picked up the other child, and the two left through the front door with the children. (Pl's Dep. 105:2–107:24). Kathryn exited the door first. (Pl's Dep. 107:18–20). Plaintiff followed right behind her and closed the door. (Pl.'s Dep. 107:23–24; 108:1–3). Defendants Kenneth Easterday and Thomas Hanley followed them. (Kenneth Dep. 30:11–22). The parties dispute exactly what transpired next. A collision ensued and somehow, Plaintiff, Kenneth Easterday, and Thomas Hanley fell to the ground, along with the child Plaintiff held in his arms. (Kenneth Dep. 51:8–21; Pl's Dep. 108:8–13; Kathryn Dep. 70:9–21).

Plaintiff now brings suit for physical injuries, lost earnings and earning potential, loss of life's pleasures, and pain arising out of the incident. (Doc. No. 1 at 3–4). Plaintiff has moved for partial summary judgment on the negligence claim on the grounds that the evidence establishes Defendant Kenneth Easterday's negligence in running after Plaintiff. Defendants Kenneth and Patricia Easterday have moved for partial summary judgment on the premises liability claim on the grounds that Plaintiff cannot establish causation. The motions are now ripe for disposition.

## II. Discussion

### A. Legal Standard

A court may grant summary judgment where the moving party shows that "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir.2006).

In order to prevail on a motion for summary judgment, the moving party need not produce evidence to disprove the opponent's claim, but must demonstrate the absence of any genuine factual disputes. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party makes such a showing, the nonmovant may not rely on his pleadings alone, but must produce evidence that demonstrates a genuine issue of fact for trial. Fed.R.Civ.P. 56(c) & (e).

A summary judgment motion does not invite the Court to "weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir.1998). Attacking the credibility of the movant's evidence cannot overcome summary judgment, and the non-movant must produce affirmative evidence raising a genuine factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A nonmoving party must "adduce more than a mere scintilla of evidence in its favor," and cannot "simply reassert factually unsupported allegations contained in its pleadings" in order to survive summary judgment. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1989). If the record, taken as a whole, could not

lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment must be granted in favor of the movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. Premises Liability

■■■Plaintiff brings a claim for premises liability. The complaint avers that the Easterday Defendants were negligent in failing to remove ice and snow from the walk and failing to warn Plaintiff of the unreasonably slippery conditions of the walk. (Doc. No. 1 at ¶ 20). Under Pennsylvania law, the elements of negligence are:

(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;

(2) defendant's failure to conform to the standard required;

(3) a causal connection between the conduct and the resulting injury;

(4) actual loss or damage resulting to the plaintiff.

*R.W. v. Manzek*, 585 Pa. 335, 888 A.2d 740, 746 (2005).

■■■ Defendants move for summary judgment on the grounds that Plaintiff cannot establish causation. To prove causation, a plaintiff must establish that the defendant's conduct was the proximate cause, also known as the legal cause, of the harm sustained. *Vattimo v. Lower Bucks Hosp., Inc.*, 502 Pa. 241, 465 A.2d 1231, 1233 (1983). "Proximate causation is found when wrongful conduct is a 'substantial factor' in bringing about the specific harm incurred." *Gutteridge v. A.P. Green Servs.*, 804 A.2d 643, 655 (Pa.Super.Ct.2002). "Whether a party's conduct has been a substantial factor in causing injury to another is ordinarily a question of fact for the jury. The matter may be removed from the jury's consideration only when it is clear that reasonable minds cannot differ on the issue." *Id.* (internal citation omitted); *see also Anderson v. Bushong Pontiac Co.*, 404 Pa. 382, 171 A.2d 771, 775 (1961) ("[T]he question of proximate cause of an accident is almost always one of fact for the jury.").

■■■ Defendants contend that there is no evidence establishing causation. In response, Plaintiff has produced the Uwchlan Township Police Department's Incident Report Form. The report states, "[Ken] said [to the police officer] that he accidentally collided with Hayes when he came out the front door. Ken said that he either slipped on the ice or tripped on Hayes feet." (Doc. No. 52 at 34). According to Plaintiff, after he walked out the Easterdays' front door, he took one or two steps off the threshold, "was hit from behind" by Kenneth Easterday, and landed on the ground. (Pl's Dep. 108:1–110:10). The complaint avers that the Easterday Defendants "failed to take reasonable steps to remedy the ice and slippery conditions on the walk which caused Kenneth Easterday and Thomas Henley to fall on the ice and fall onto Plaintiff, causing him to be injured." [1] (Doc. No. 1 at 5).

We find this evidence is sufficient to raise a genuine issue of material fact as to whether the presence of snow and ice was a substantial factor in bringing about Plaintiff's injuries. Specifically, a reasonable jury could find on the basis of this evidence that Kenneth Easterday slipped on the ice and collided with Plaintiff, with the result that Plaintiff suffered injury.

---

**1.** We recognize that the complaint is not evidence and cite it merely for the theory of liability it sets forth.

In making our determination, we acknowledge that Plaintiff testified that snow and ice did not in any way cause his injury, and that he fell as a result of being hit from behind. (Pl's Dep. 122:7–24; 108:8–11). However, this does not change our disposition. While the ice and snow may not have directly caused Plaintiff to fall, it still may have been a substantial factor in bringing about the harm incurred if the ice caused *Easterday* to fall and collide with Plaintiff. We find that reasonable minds could differ on the issue of causation. Summary judgment is accordingly denied.

## C. Negligence

■ Plaintiff moves for summary judgment on the grounds of negligence. Plaintiff argues that by running after Plaintiff while he was holding a child, Defendant Kenneth Easterday breached a duty of reasonable care, collided with Plaintiff, and caused Plaintiff's injury. (Doc. No. 42 at 5).

We decline to issue summary judgment. The facts surrounding the collision are heavily disputed. Kenneth Easterday testified that he witnessed Plaintiff picking up his grandson and running out the door. (Kenneth Dep. 28:18–25). Kenneth believed the child's safety was at risk and decided to follow Plaintiff. (Kenneth Dep. 29:7–11). After Plaintiff exited the front door, Kenneth tried to pull the door open. (Kenneth Dep. 30:11–13). According to Kenneth, someone was pulling the door on the other side, keeping it closed while Kenneth tried to pull it open. (Kenneth Dep. 30:13–16). With Defendant Thomas Hanley's help, Kenneth was ultimately able to pull the door open. (Kenneth Dep. 30:19–22). Kenneth then moved "as fast [he] could" to get through the door. (Kenneth Dep. 38:9–20). Kenneth testified that

Plaintiff was already in the process of falling when Kenneth exited the door and that Plaintiff was not standing when the collision occurred. (Kenneth Dep. 47:2–6, 41:17–18; 44:21–25). Kenneth's feet tangled with Plaintiff's feet, and both men fell to the ground. (Kenneth Dep. 51:11–21).

As discussed, Plaintiff testified that he walked out the front door, closed the door behind him, took one or two steps off the threshold, "was hit from behind," and landed on the ground. (Pl.'s Dep. at 108:8–11). When Plaintiff looked behind him, he saw Kenneth Easterday "laying on top of my legs." (Pl's Dep. at 109:1–3).

In light of this inconsistent testimony, we cannot enter summary judgment for Plaintiff. The record as it presently stands contains several genuine issues of material fact. For one, there is a genuine factual dispute as to whether Defendant Kenneth Easterday caused Plaintiff to fall, or whether Plaintiff was already falling when Defendant collided with him. Additionally, even if Easterday caused Plaintiff to fall down, there is a genuine factual dispute as to whether moving fast after a man holding a child when one believes the safety of the child is at risk constitutes a breach of the duty of reasonable care. "Determining what is reasonable under [the] circumstances is not a question of law; rather, it is a question of fact for the jury to consider." *Walker v. Drexel Univ.*, 971 A.2d 521, 524 (Pa.Super.Ct.2009). We accordingly deny summary judgment.[2]

## III. Conclusion

For these reasons, the motions for summary judgment are DENIED.

---

2. While there may be additional factual disputes, we need not address them, as the presence of at least one material factual dispute necessitates the denial of summary judgment.