J-A03001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JONECCA L. ROBINSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEVEN SPRINGS MOUNTAIN | : | No. 313 WDA 2023 |
| RESORT, INC. | : | |

Appeal from the Order Entered February 22, 2023
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  163 CIVIL 2021


BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: June 12, 2024**

Jonecca L. Robinson appeals from the February 22, 2023 order granting summary judgment in favor of Seven Springs Mountain Resort, Inc. ("Seven Springs"), which Ms. Robinson had sued for negligence.  Upon review, we reverse and remand for further proceedings.

This case stems from an injury Ms. Robinson sustained while playing disc golf at Seven Springs.[1]  The trial court aptly summarized the circumstances of her fall and the subsequent litigation:

> On or about August 17, 2019, [Ms. Robinson] was lawfully on the premises of Seven Springs with her fiancé as a business invitee.  [She] and her fiancé took the ski lift to the disc golf course and proceeded to play a round.  On the third hole, [Ms. Robinson] was walking to retrieve her disc, and slipped on what she

_____

[1] For those unfamiliar, "[d]isc golf is played like conventional 'ball golf,' but with flying discs, such as Frisbees, instead of clubs and golf balls." ***Disc Golf Ass'n, Inc. v. Champion Discs, Inc.***, 158 F.3d 1002, 1004 (9th Cir. 1998).

characterized as a steep slope which contained loose gravel in the grass. As a result of the slipping, [she] fell and fractured her ankle.

On August 11, 2020, [Ms. Robinson] brought suit against [Seven Springs] seeking damages for injuries she sustained for falling while on [its] premises.

Trial Court Opinion, 2/22/23, at 1-2 (cleaned up).

Following preliminary objections filed by Seven Springs, the matter was transferred from Westmoreland County to Somerset County. Seven Springs never filed an answer. However, it did file a motion for summary judgment arguing that Ms. Robinson had failed to present *prima facie* evidence that Seven Springs owed a duty of care to her because the condition of the hillside was obvious. Ms. Robinson responded, contending that she had produced sufficient evidence to raise a genuine issue of material fact as to this matter. Seven Springs replied, and the parties presented oral argument. As noted, the trial court granted summary judgment in favor of Seven Springs.[2]

This timely appeal followed. The court ordered Ms. Robinson to file a concise statement of errors complained of on appeal, and she timely complied. In lieu of a Rule 1925(a) opinion, the trial court reiterated its legal conclusions for granting summary judgment in a one-page opinion and referred us to the

---

[2] In issuing its opinion, the court observed that neither party provided a complete copy of Ms. Robinson's deposition in their pleadings, instead attaching only the portions each deemed salient. Although Ms. Robinson attached the entire deposition to her appellate brief, we can only consider those portions previously made part of the certified record since they are what informed the trial court's decision.

lengthier opinion accompanying its summary judgment order for more detailed explanation. Ms. Robinson presents a single issue for our consideration:

> Whether the trial court erred/abused its discretion when it granted [Seven Springs's] motion for summary judgment dismissing [Ms. Robinson's] action when [Ms. Robinson] presented evidence that creates a genuine issue of material fact as to whether a dangerous condition existed and whether such dangerous condition was obvious and known, thus requiring a duty owed to [Ms. Robinson] to keep the subject premises safe and/or to warn her of hidden dangerous conditions[.]

Ms. Robinson's brief at 6 (cleaned up).

We begin with our well-settled standard of review for appeals from orders granting summary judgment:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no [genuine issue as to any] material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Shellenberger v. Kreider Farms***, 288 A.3d 898, 905 (Pa.Super. 2023) (cleaned up). It is this Court's responsibility "to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." ***Id***.

Presently, Ms. Robinson argues that the trial court erred in granting summary judgment in favor of Seven Springs because there was sufficient

- 3 -

evidence to establish a *prima facie* case of negligence since "the dirt patch with unknown loose soil and rocks was a dangerous condition" of which Seven Springs had a duty to warn her as a business invitee. **See** Ms. Robinson's brief at 18.

> Every plaintiff must prove four elements in a negligence action:
>
> (1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.,* a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach.

***Gutteridge v. A.P. Green Servs., Inc.***, 804 A.2d 643, 654 (Pa.Super. 2002) (cleaned up). The crux of the instant litigation is the duty of care that Seven Springs owed to Ms. Robinson. Seven Springs concedes that Ms. Robinson was a business invitee. **See** Seven Springs's brief at 8. Thus, the duty of care it owed to her was the "highest duty owed to any entrant upon land." ***Gutteridge***, 804 A.2d at 656 (cleaned up). As such, Ms. Robinson "was not required to be on alert to discover defects which were not obvious." ***Walker v. Drexel Univ.***, 971 A.2d 521, 524 (Pa.Super. 2009) (cleaned up). Instead, it was incumbent upon Seven Springs to protect her "not only against known dangers, but also against those which might be discovered [by the landowner] with reasonable care." ***Gutteridge***, 804 A.2d at 656.

> In this regard, the Restatement (Second) of Torts provides as follows:
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343.

However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1). Of particular relevance, the following comments to § 343A further refine this duty:

> *b*. The word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus[,] the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.
>
> . . . .
>
> *f*. There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

Restatement (Second) of Torts § 343A, cmts. b, f (citations omitted). Finally, "[a]lthough the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender v. Fitterer*, 469 A.2d 120, 124 (Pa. 1983) (citing Restatement (Second) of Torts § 328B, cmts. c, d).

Here, the trial court granted summary judgment in favor of Seven Springs because it found that "the natural condition was known and obvious" since Ms. Robinson knew "she was traversing a steep slope with patches of rocky and loose dirt." Trial Court Opinion, 2/22/23, at 5-6. As such, it concluded as a matter of law that Seven Springs "had no duty to protect [her] from the natural conditions of the terrain that led to [her] unfortunate fall and injury." Trial Court Opinion, 4/18/23, at unnumbered 1.

In conducting our review, we note that there is a dearth of caselaw applying § 343A and its comments to injuries sustained on playing fields such

as disc or standard golf courses, other than being hit by a flying ball or struck by lightning.[3]  Nonetheless, we find guidance from ***Jones v. Three Rivers***

_____

[3] Interestingly, the North Carolina Supreme Court offered a potential explanation, by quoting an oft-cited sentiment from a Scottish court:

> The risks of accident in golf are such, whether from those playing behind or from those meeting the player on crossing his line of play, that . . . no one is entitled to take part in a game without paying any attention to what is going on around and near him, and that when he receives an injury which by a little care and diligence on his part might have been escaped, he should not be entitled to claim damages for that injury.

***Farfour v. Mimosa Golf Club***, 81 S.E.2d 375, 378 (N.C. 1954) (cleaned up). Indeed, sports injury cases often involve the doctrines of assumption of risk and the no-duty rule.  "[A]ssumption of risk is established as a matter of law only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition." ***Staub v. Toy Factory, Inc.***, 749 A.2d 522, 529 (Pa.Super. 2000) (*en banc*) (cleaned up). In implied assumption cases, our Court has held that the "trial court should not . . . decide the issue as one of duty or lack thereof; instead, the issue should go to the jury as one of comparative negligence." ***Id***. (cleaned up); ***Massaro v. McDonald's Corp.***, 280 A.3d 1028, 1037 (Pa.Super. 2022) (same).  Since Ms. Robinson did not expressly consent to relieve Seven Springs of its duty to her as a business invitee, any implied assumption of risk would then be a question of fact for the jury. ***See also*** Restatement (Second) of Torts § 343A, cmt. f (observing that "the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk" (citations omitted)). Similarly, the no-duty rule precludes plaintiffs from setting forth a *prima facie* case of negligence because "the law imposes no duty on sports facilities to protect spectators from risks that are common, frequent, and expected." ***Petrongola v. Comcast-Spectacor, L.P.***, 789 A.2d 204, 210 (Pa.Super. 2001) (cleaned up).  Presently, no party contends that slipping on the terrain at Seven Springs's course is a "common, frequent and expected" risk "inherent" in playing the game of disc golf.  ***Id***.; ***cf***. ***See also Craig v. Amateur Softball Ass'n of America***, 951 A.2d 372, 376 (Pa.Super. 2008) (barring player's negligence claim pursuant to the no-duty rule because "being struck with a softball is inherent to the game" (cleaned up)).  Thus, this rule cannot support the order granting summary judgment.

***Mgmt. Corp.***, 394 A.2d 546 (Pa. 1978), wherein the plaintiff was struck in the eye by a baseball as she walked away from the right field viewing area of the interior concourse on the second level of the late Three Rivers Stadium during batting practice. A jury found in favor of plaintiff on her negligence claim and the trial court denied the defendant's motions for judgment notwithstanding the verdict. This Court reversed, concluding that the plaintiff had not met her burden of proof. Our Supreme Court reversed our decision, concluding that the no-duty rule did not extend to the plaintiff's proper use of an interior stadium walkway that required her to turn away from the field of play. ***Id***. at 551-52. Rather, applying § 343A of the Restatement and comment f, the High Court held that "[i]t was for the jury to determine the question of [the defendant's] negligence." ***Id***. at 553.

Viewing the record in the light most favorable to Ms. Robinson as the nonmoving party, we agree with her that Seven Springs was not entitled to summary judgment as a matter of law. First, Ms. Robinson's deposition testimony revealed that the specific condition of loose rocks beneath the grass on the slope was not unquestionably obvious. It is true that she acknowledged in her deposition that she fell "on the steepest part" of the slope. ***See*** Ms. Robinson's Deposition, 3/15/22, at 35 (attached to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, 10/20/22). However, Ms. Robinson explained that she "could not see the rocks[.]" ***Id***. at 33. At best, she could discern:

> [T]here was, like, patchiness in the grass but I wouldn't have been able to see if it was, like, packed dirt, loose dirt, like there were or weren't stones, but the whole hole was, you could just see that it was a little patchy. What was in the patches? Loose, packed, I couldn't tell you, and I couldn't see.

*Id*. at 39. Therefore, there was a question of material fact as to whether the hazard was open and obvious. As in *Jones*, this question is "for the jury to determine[.]" *Jones*, 394 A.2d at 553; *see also* Restatement (Second) of Torts § 343A, cmt. f ("In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." (citations omitted)).

Indeed, even if the danger was open and obvious, that did not entitle Seven Springs to summary judgment. The Restatement provides that Seven Springs is not relieved of its duty of care for open and obvious dangers when it "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Restatement (Second) of Torts § 343A, cmt. f. Surely, Seven Springs could anticipate that any "invitee's attention may be distracted" while playing disc golf and attempting to retrieve discs mid-play. *Id*. Accordingly, even were we to accept the court's conclusion that reasonable minds could not differ as to the open and obvious nature of the hazard, which we do not, the trial court still would have erred in granting summary judgment in favor of Seven Springs.

In sum, since reasonable minds could differ as to (1) whether the hillside's hazards were open and obvious, and (2) even if open and obvious, whether Seven Springs nonetheless owed Ms. Robinson a duty because it should have expected her to be distracted, summary judgment was inappropriate. ***See Carrender***, 469 A.2d at 124 (explaining that where reasonable minds could differ, "the question of whether a danger was known or obvious is . . . a question of fact for the jury" (citations omitted)). Accordingly, we reverse the order of the trial court and remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/12/2024